UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DE JESUS LOPEZ-MIRANDA,<br><br>Petitioner,<br><br>v.<br><br>STEVEN MERLAK,<br><br>Respondent. | Case No. 1:19-cv-01021-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED FOR LACK OF JURISDICTION<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK TO SEND PETITIONER § 1983 COMPLAINT FORM |

Petitioner Manuel De Jesus Lopez-Miranda, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner does not challenge his conviction or sentence. Instead, he claims that he is not receiving proper medical care in prison. ECF No. 1 at 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. We recommend the petition be dismissed for lack of jurisdiction. However, petitioner may be able to seek relief by filing a 42 U.S.C. § 1983 claim.

1

**Discussion**

A challenge to the manner of execution of a federal criminal sentence is properly filed in a § 2241 petition. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). In contrast, "[r]equests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Here, petitioner claims that the circumstances of his confinement violate his right to proper medical care; he states that the prison did not provide him adequate medical care to treat his hiatal and umbilical hernias over a period of fifteen months. ECF No. 1 at 2. He does not challenge the manner of execution of his sentence. Because petitioner's claims are not cognizable under § 2241, they should be dismissed for lack of jurisdiction.

We next consider whether to convert the petition into a § 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (remanding case to district court to consider claim under § 1983). When filing a § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). There is no *respondeat superior* liability—i.e., liability of a supervisor for acts of a supervisee. Each defendant is only liable for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

We decline to convert the petition into a § 1983 complaint for two reasons. First, the complaint is not amenable to conversion on its face. Petitioner's allegations of sub-standard

medical care are too conclusory to state a § 1983 claim, and petitioner has named only the warden of his institution as the respondent; petitioner has not named the people who directly committed the affirmative acts or omissions that violated his rights. Second, conversion may be unfair to petitioner. The filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, the fee is forgiven. For civil rights cases, however, the filing fee is $350 plus an administrative fee of $50. Under the Prisoner Litigation Reform Act, the prisoner is required to pay the $350 filing fee, even if he is granted *in forma pauperis* status, by way of deductions from his trust account. *See* 28 U.S.C. § 1915(b)(1). If we were to convert this action to a § 1983 action, petitioner would face the larger filing and administrative fees—and given this consideration he might prefer not to file such an action.

While we decline to convert the petition, petitioner is free to file a § 1983 complaint. A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Iqbal*, 556 at 678. If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The complaint must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**Order**

The clerk's office is directed to send petitioner a § 1983 complaint form.

**Findings and Recommendations**

We recommend that the court dismiss the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for

3

the United States District Court, Eastern District of California, we submit the findings and recommendations to the district judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 7, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.