UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DE JESUS LOPEZ-MIRANDA,<br><br>Petitioner,<br><br>v.<br><br>STEVEN MERLAK,<br><br>Respondent. | No. 1:19-cv-01021-NONE-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION</u><br><br>(Doc. No. 8) |

Petitioner Manuel De Jesus Lopez-Miranda, a federal prisoner proceeding without counsel, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 7, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for lack of jurisdiction. (Doc. No. 8.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days. (*Id.*) The time for filing objections has passed and petitioner failed to do so.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

1

In his pending petition, petitioner claims that the circumstances of his confinement violate his right to proper medical care; stating that prison officials at his place of confinement did not provide him adequate medical care to treat his hiatal and umbilical hernias over a period of fifteen months. (Doc. No. 1 at 2.) As the findings and recommendations correctly conclude, this claim is not cognizable in this habeas corpus action but rather may be pursued only as a claim brought in a civil rights action under 42 U.S.C. § 1983. (Doc. No. 8 at 2.) The findings and recommendations also correctly explain that if deemed appropriate under the circumstances this court may recharacterize a habeas corpus petition as a claim under § 1983, so long as the court warns the petitioner of the consequences of doing so and provides an opportunity for petitioner to withdraw the motion. (*Id*.) Here, however, the magistrate judge correctly reasoned that recharacterization of the pending petition is not appropriate under the circumstances of this case because the allegations in the petition are too conclusory to state a cognizable § 1983 claim as currently pled and because petitioner has not identified any particular individual who directly committed the acts or omissions that allegedly violated his rights under the Eighth Amendment.[1] (Id. at 2–3.)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the

---

[1] The magistrate judge also forewarned petitioner that filing a § 1983 action would require payment of a higher filing fee, albeit over time by way of deductions from his trust account. (Doc. No. 8 at 3.) In addition, petitioner was provided with a § 1983 complaint form. (*Id*.)

2

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further.  The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 7, 2020 (Doc. No. 8) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:  **March 4, 2020**

UNITED STATES DISTRICT JUDGE